**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JULIO SIGCHA CAIZA,** | **Civil Action No. 26-8248 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **WARDEN, DELANEY HALL DETENTION FACILITY, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Julio Sigcha Caiza, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Karnes County Immigration Processing Center, Texas.[1] (ECF No. 1).

2.      Petitioner is a citizen of Ecuador, who entered the United States in 2021.  (ECF No. 7 at 2).

3.      Petitioner was detained by ICE on June 26, 2026 and charged with being a noncitizen "present in the United States who has not been admitted or paroled."  (ECF No. 7-1).

4.      He has not received a bond hearing.  (ECF No. 1 ¶ 15).

5.      Respondents argue that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) because he is a noncitizen "who entered without admission or parole after inspection and was detained by immigration authorities in the interior of the country without having been

---

[1] Petitioner was detained in Delaney Hall Detention Facility, located in New Jersey, when he filed the Petition. (ECF No. 7 at 1 n.1).  Therefore, this Court has jurisdiction over the Petition.

lawfully admitted.  As such, he is an 'applicant for admission' who is not entitled to a bond hearing." (ECF No. 7 at 2).

6.     Additionally, Respondents acknowledge that the statutory arguments and facts in this case are materially identical to those that this Court has already rejected in *Patel v. Almodovar*, No. 25-cv-1534, 2025 WL 3012323 (D.N.J. Oct. 28, 2025) and other cases.  (*Id.* at 1 & n.1)

7.     Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8.     Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

9.     This Court concludes that Petitioner is being unlawfully detained under 8 U.S.C. § 1225 because Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226.[2]  *See Patel*, 2025 WL 3012323, at \*3-4; *see also Barbosa da Cunha v. Freden*, 175 F.4th 61, 84-85  (2d Cir. 2026); *but see Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026) (holding that "§ 1225(b)(2)(A)

---

[2] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to her continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action.  *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

mandates the detention of unadmitted aliens already present inside the United States"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States).[3]

10.     The I-213 Form specifically notes that Petitioner is charged with being a noncitizen who is "*present* without admission or parole." (ECF No. 7-1 at 1 (emphasis added)). "That language aligns with § 1226(a), not [§ 1225(b)(2)]." *Dabre v. Soto*, No. 26-cv-2142, 2026 WL 699934, at *2 (D.N.J. Mar. 12, 2026).

11.     Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(2) violates the laws of the United States and Petitioner's Due Process rights.

12.     This Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019); *see also Urquilla-Ramos v. Trump*, 821 F. Supp. 3d 603, 630-31 (S.D.W. Va. 2026) ("Due process is not satisfied by the existence of legal authority somewhere in the United States Code. It is satisfied only through constitutionally adequate procedure."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining

---

[3] *Avila* and *Buenrostro-Mendez* are not binding authority, and this Court is unpersuaded by their reasoning for many of the reasons articulated in the dissenting opinions, including that the panels' interpretation risks rendering significant portions of the statutory scheme superfluous and internally inconsistent. *See Avila*, 170 F.4th at 1138-40 (Erickson, J., dissenting); *Buenrostro-Mendez*, 166 F.4th at 510 (Douglas, J., dissenting).

3

that the court "cannot credit [r]espondents' new position as to the basis for ... detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

13.    Therefore, this Court will grant the Petition and order Petitioner's release.

14.    An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: July 13, 2026

4